UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE,** *On Behalf of Herself and All Others Similarly Situated*<br>c/o Migliaccio & Rathod, LLP<br>412 H St. NE #302<br>Washington, D.C. 20002<br>         *Plaintiff*<br><br>     v.<br><br><br>**BOZZUTO MANAGEMENT COMPANY**<br>6406 Ivy Lane Ste 700<br>Greenbelt, MD 20770<br><br>SERVE:<br><br>MICHAEL A. SCHLEGEL<br>6406 Ivy Lane Ste 700<br>Greenbelt, MD 20770<br>         *Defendant* | **Case No:** 23-cv-3360 (TJK)<br><br>**Judge: Timothy J. Kelly** |

**PLAINTIFF'S CONTESTED MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Jane Doe, through counsel, files this Contested Motion for Leave to file a First Amended Complaint ("FAC"). The Court should grant the Motion because it is timely, brought in good faith, and seeks to clarify factual allegations. Plaintiff has appended the FAC to this Motion as Exhibit A and a redline comparison of the original and amended pleading as Exhibit B.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave [to amend a complaint] when justice so requires." "Although the grant or denial of leave to amend is

committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is a sufficient reason, such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (alterations in original).

## PROCEDURAL BACKGROUND

Plaintiff filed the original Complaint in this action on September 18, in D.C. Superior Court, after which it was removed by Defendant Bozzuto Management Company ("Bozzuto") to this Court on November 8, 2023. (ECF 1.). The Parties have met and conferred regarding a scheduling order, but one has not yet been issued by the Court.

## ARGUMENT

"In the absence of any apparent or declared reason," leave to amend a complaint "should, as the rules require, by freely given." *Sherrod v. McHugh*, 249 F. Supp. 3d 85, 87 (D.D.C. 2017). "[P]arties may move to amend to clarify and amplify the allegations in their complaint in light of facts learned during discovery and arguments made by the opposition." *Id.*; *see also United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 7 (D.D.C. 2013) (granting leave to amend where amended complaint "adds further factual allegations intended to clarify existing claims").

This standard is comfortably met here. Plaintiff's amendments primarily focus on: (1) clarifying (a) that she would not have paid for the money order associated with her application if she knew Bozzuto would not consider income from housing subsidies and evaluate subsidy applicants based on their credit score and income level and (b) that she suffered economic harm from the fee associated with the money order, which the Court stated was needed to maintain a claim under the Washington D.C. Consumer Protection and Procedures Act, *see* ECF 17, at p. 15

and (2) rephrasing certain allegations based on evidence known to-date in the absence of formal discovery. As these amendments "clarify and amplify" the allegations in the original complaint in light of the Court's order on the Motion to Dismiss and facts subsequently learned, leave to amend should be granted.

Finally, none of the reasons that typically defeat amendment are present here. Such reasons include (1) undue delay, (2) bad faith, (3) failure to cure deficiencies by amendments previously allowed, (4) prejudice to the opposing party, and (5) futility of amendment. *See Sherrod*, 249 F. Supp. 3d at 86-87. *First*, there is no undue delay, as Plaintiff has filed this Motion prior to the issuance of a Scheduling Order and a deadline to amend the pleadings. *Second*, there is no evidence of bad faith given Plaintiff's amendments largely clarify factual allegations. *See id.* ("Preventing a party from amending her complaint on the basis of bad faith generally requires an affirmative showing by the nonmoving party."). *Third*, this is Plaintiff's first amendment, so there are no issues regarding failing to cure prior deficiencies by amendments previously allowed. *Fourth*, there is no prejudice to the opposing party—because Plaintiff's amendments clarify factual allegations, they do not impose new discovery burdens for Bozzuto.

*Finally*, there are no futility concerns here. The FAC does not add any additional causes of action from the previous Complaint, but amends consistent with the Court's direction for maintaining the CPPA claim.

## CONCLUSION

The Court should grant Plaintiff's Motion for Leave to Amend.

Respectfully submitted,

Date: May 2, 2025                                */s/ Jason S. Rathod*

Jason S. Rathod [1000882]
**MIGLIACCIO & RATHOD LLP**
412 H St., NE, Suite 302
Washington, D.C. 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
jrathod@classlawdc.com

*Counsel for Plaintiff*

## LOCAL CIVIL RULE 7(m) STATEMENT

Prior to filing this Motion, undersigned Plaintiff's Counsel provided counsel for Bozzuto ("Defense Counsel") a copy of the FAC and communicated with Defense Counsel in a good-faith effort to determine whether there was any opposition to the relief sought and narrow potential areas of disagreement. Ultimately, Defense Counsel indicated that it could not consent to the relief requested.

Respectfully submitted,

Date: May 2, 2025

*/s/ Jason S. Rathod*
Jason S. Rathod

*Counsel for Plaintiff*